FILED
2020 May-27  PM 05:15
U.S. DISTRICT COURT
N.D. OF ALABAMA

# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ALABAMA
# SOUTHERN DIVISION

| | | |
|---|---|---|
| LARRY COLEMAN, CHESTER COLEMAN, and FREDDIE SELTZER, | ) ) ) ) | |
| Plaintiffs, | ) ) | |
| v. | ) ) | CIVIL ACTION NO.: 2:18-cv-00248-LSC |
| MORRIS-SHEA BRIDGE COMPANY, INC., and RICHARD "DICK" SHEA, | ) ) ) ) | OPPOSED |
| Defendants. | ) ) | |

## PLAINTIFFS' MOTION FOR PROTECTIVE ORDER AS TO THE CONTINUANCE OF PLAINTIFF'S DEPOSITION OF LEE DUBBERLY

COME NOW Plaintiffs and move this Honorable Court for a protective order to prohibit Pauline Dubberly ("Mrs. Dubberly") from attending the deposition of Lee Dubberly ("Mr. Dubberly").

**Relevant Background Regarding Mr. Dubberly**

Plaintiffs are African American males who worked at Morris Shea Bridge Company for twenty-seven (27), twenty-five (25) and twenty-two (22) years. After more than twenty years of dedicated employment, Plaintiffs were terminated without notice by Defendant Richard "Dick" Shea, Jr. Lee Dubberly was the Plaintiffs' immediate supervisor and is a vital and key witness in this case. Mr. Dubberly's

1

testimony is foundational to Plaintiff's claims of race discrimination. Plaintiffs began deposing Mr. Dubberly on July 11, 2019, but were forced to prematurely end his deposition due to a medical emergency. Mr. Dubberly's deposition is currently scheduled by Defendants via Zoom on Thursday, May 26, 2020.

Plaintiffs objected to Mr. Dubberly's deposition being taken completely by Zoom; however, they have worked to be cooperative and understanding of Mr. Dubberly's failing health. Plaintiffs are mindful of the need to preserve Mr. Dubberly's deposition testimony for trial. Plaintiffs are concerned that based on her previous outbursts, interjections, and inappropriate behavior, Mr. Dubberly's wife, Mrs. Pauline Dubberly, will inappropriately influence and distract Mr. Dubberly during his deposition. Plaintiffs are concerned that a deposition via Zoom will facilitate these types of interruptions, particularly if the Zoom deposition of Mr. Dubberly is conducted in his home and in Mrs. Dubberly's presence. Plaintiffs move this Court for a protective order to prevent Mrs. Dubberly from being present during Mr. Dubberly's deposition.

**Mrs. Dubberly's Previous Inappropriate Behavior**

Mrs. Pauline Dubberly is Mr. Dubberly's wife and attended Mr. Dubberly's July 11, 2019 deposition. Mrs. Dubberly interrupted the deposition by providing answers for Mr. Dubberly and using non-verbal cues to signal Mr. Dubberly about how to respond to Plaintiffs' counsel's questions. (**Exhibit A, Deposition of Lee**

**Dubberly, pages 11:13-18, 12:23, 13:1-13, 21: 3-8, 89:1-10, 124:12-23, 125:1-3, 135: 7-14.**) Mrs. Dubberly provided inappropriate and disruptive testimony which altered the accuracy and integrity of Mr. Dubberly's deposition. *Id*. Addressing Mrs. Dubberly's interjections wasted valuable time during Mr. Dubberly's deposition. Mrs. Dubberly testified for Mr. Dubberly and compromised the integrity and authenticity of Mr. Dubberly's deposition. Further, during breaks Mrs. Dubberly was loud and vocal about the proceedings and questions, as well as making comments about Plaintiffs' counsel.

>[Plaintiff's Counsel] Q. Okay. And since you mentioned that, what disabilities do you have?
>[Mr. Dubberly] A. I have COPD, emphysema, and kidney failure, stage 4.
>MRS. DUBBERLY: He's on dialysis three times a week.
>
>\* \* \* \*
>
>[Plaintiff's Counsel] Q. Are you on any medications?
>[Mr. Dubberly] A. Yes, ma'am.
>[Plaintiff's Counsel] Q. I don't want --
>[Mr. Dubberly] A. Blood pressure, I take a pill for a stent in my heart, they call it --
>MRS. DUBBERLY: He's on blood pressure medicines, and he's on --
>[Mr. Dubberly] A. Heart failure.
>MRS. DUBBERLY: -- a water pill, Torsemide, 100 (sic) a day. He's on several others for his -- for his COPD, and I can't tell you the name of them right now.
>
>\* \* \* \*
>
>[Plaintiff's Counsel] Q. And what was your business?
>[Mr. Dubberly] A. The same thing, in the coal business.
>[Plaintiff's Counsel] Q. Doing what?
>MRS. DUBBERLY: He has trouble hearing.
>
>\* \* \* \*
>
>[Plaintiff's Counsel] Q. And what was the cell phone number you had?

[Mr. Dubberly] A. 205 -- I forget what the prefix was before. It was -- what's yours now?
MRS. DUBBERLY: Mine's 531.
[Mr. Dubberly]: What?
MRS. DUBBERLY: The prefix for your cell phone was 296.
A. 296, that's right, 4381.

\* \* \* \*

[Plaintiff's Counsel] Q. And before late yesterday afternoon, when's the last time you talked to him?
[Mr. Dubberly] A. He -- he talked to me – when was it, Babe?
MRS. DUBBERLY: Tuesday he called.
[Mr. Dubberly] A. Tuesday?
MRS. DUBBERLY: He called to check on you.
[Mr. Dubberly] A. Or Monday, Monday morning or Tuesday one he called to check on me, 'cause, you know, I was doing dialysis, and he called to check on me, which is very frequently.

\* \* \* \*

[Plaintiff's Counsel]: Also, while I've been asking questions, it's brought to my attention that Mrs. Dubberly is giving head nods during the deposition for Mr. Dubberly.
[Mr. Dubberly]: That's right.
[Plaintiff's Counsel]: And that does not need to happen further.

**(Exhibit A, Deposition of Lee Dubberly, pages 11:13-18, 12:23, 13:1-13, 21: 3-8, 89:1-10, 124:12-23, 125:1-3, 135: 7-14.)**

**<u>Plaintiffs' Efforts to Avoid Court Intervention</u>**

Plaintiffs have attempted to remedy their concerns about Mr. Dubberly's deposition without court intervention; however, they have been unsuccessful. Plaintiffs' counsel has discussed Mrs. Dubberly's outbursts with defense counsel. Plaintiffs' counsel has attempted to compromise regarding Mr. Dubberly's deposition and has requested that if Mr. Dubberly must testify via Zoom, he should be prevented from having Mrs. Dubberly present to provide him with testimony or

4

otherwise disrupt the deposition.

Defendants have stated that "Mr. Dubberly's wife of 57 years is his caretaker and will be present in the home with him during the deposition to assist him with changing his oxygen and other medical needs during breaks and as they otherwise arise. Defendants have agreed, however, that Ms. Dubberly will not sit in the room with Mr. Dubberly during his actual testimony or assist him in answering questions during the deposition." (Doc. 51, p. 6, n. 3). Plaintiffs maintain their assertion that a protective order is necessary to prevent Mrs. Dubberly from participating in and otherwise interrupting Mr. Dubberly's deposition.

## **Depositions Should Be Conducted as Though the Witness Were Testifying at Trial.**

Under Federal Rule of Civil Procedure 30, "a deposition should be conducted just as though the witness were testifying at trial, with the exception that there is no judge there to rule on objections or admissibility and others may not be precluded from sitting in on the deposition." *United States v. Kattar*, 191 F.R.D. 33, 37 (D.N.H. 1999); *see also Cont'l Cas. Co. v. Compass Bank*, No. CV 04-0766-CB-C, 2005 WL 8158673, at *2 (S.D. Ala. Dec. 7, 2005). "Examination and cross-examination of witnesses may proceed as permitted at the trial under the provisions of the Federal Rules of Evidence." *Bell ex rel. Estate of Bell v. Bd. of Educ. of Cty. of Fayette*, 225 F.R.D. 186, 195 (S.D.W. Va. 2004).

5

Mr. Dubberly's deposition should be conducted just as though he were testifying at trial. Mr. Dubberly's deposition will likely be used at trial and shown to the jury, due to Mr. Dubberly's failing health. Due to this likelihood, the integrity and accuracy of Mr. Dubberly's testimony must be preserved. At trial, Mr. Dubberly would not be permitted to have his wife sit next to him and provide testimony on his behalf. He would not be allowed to look to her to affirm his responses or ask her to assist him in answering questions. These interruptions and outbursts violate the Federal Rules of Civil Procedure and should not be permitted.

**Plaintiffs Have Established the "Good Cause" Standard.**

"The court may, for good cause, issue an order to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense." Fed. R. Civ. P. 26 (c)(1). "Rule 26(c) gives the district court discretionary power to fashion a protective order." *Farnsworth v. Procter & Gamble Co.*, 758 F.2d 1545, 1548 (11th Cir.1985); *see also Burch v. P.J. Cheese, Inc.*, No. 2:09-CV-1640-SLB, 2010 WL 9081738, at *2 (N.D. Ala. Aug. 20, 2010).

"The burden is on the movant to show the necessity of the protective order, and the movant must meet this burden with a 'particular and specific demonstration of fact as distinguished from stereotyped and conclusory statements.'" *Ekokotu v. Fed. Exp. Corp.*, 408 F. App'x 331, 336 (11th Cir. 2011) (citing *United States v. Garrett,* 571 F.2d 1323, 1326 n. 3 (5th Cir. 1978)). "Plainly, the "good cause"

requirement of the rule imposes a standard beyond the mere whim of the parties or the court. There must be some real and articulable reason for limiting the use of the discovery rules." *Franklin v. City of Homewood,* No. 2:07-CV-006-TMP, 2008 WL 11423867, at *5 (N.D. Ala. June 10, 2008).

Plaintiffs have a real and articulable reason to exclude Mrs. Dubberly from Mr. Dubberly's Zoom deposition. Mrs. Dubberly has a history of interrupting Mr. Dubberly, distracting him, providing testimony for him, and otherwise altering the integrity of his testimony. Plaintiffs have documentary, as well as audio and video evidence of Mrs. Dubberly's interruptions.

Mr. Dubberly's testimony is extremely important and will likely be shown to the jury at trial. Mrs. Dubberly has a history of acting unprofessionally during depositions and must be excluded from Mr. Dubberly's Zoom deposition to preserve the accuracy and integrity of his testimony. Plaintiffs have met the good cause standard and therefore move this Honorable Court to enter a protective order prohibiting Mrs. Dubberly from attending and participating in Mr. Dubbberly's Zoom deposition.

        Respectfully submitted,

        */s/ Alicia K. Haynes*
        Alicia K. Haynes
        One of the Attorneys for the Plaintiff

**OF COUNSEL**
**Haynes & Haynes, P.C.**
1600 Woodmere Drive
Birmingham, AL 35226
(205) 879-0377
akhaynes@haynes-haynes.com

Heather Newsome Leonard
**Heather Leonard, PC**
2105 Devereux Circle, Suite 111
Birmingham, AL 35243
(205) 977-5421

Cynthia Forman Wilkinson
**Wilkinson Law Firm PC**
1717 3rd Avenue North, Suite A
Birmingham, AL 35203
(205) 250-7866

## CERTIFICATE OF SERVICE

I hereby certify that a copy of the foregoing was served on the following counsel of record on May 27, 2020 via the court's electronic filing service:

E. Glenn Waldrop, Jr.
Kevin E. Clark
Amie A. Vague
Lightfoot, Franklin & White, LLC
The Clark Building
400 North 20th Street
Birmingham, Alabama 35203

*/s/ Alicia K. Haynes*
OF COUNSEL