# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ALABAMA
# SOUTHERN DIVISION

| | | |
|---|---|---|
| LARRY COLEMAN, *et al.*, | ) | |
| Plaintiffs, | ) ) ) | |
| v. | ) ) | 2:18-cv-00248-LSC |
| MORRIS-SHEA BRIDGE COMPANY, INC., *et al.*, | ) ) ) | |
| Defendants. | ) ) | |

## MEMORANDUM OF OPINION AND ORDER

### I.  INTRODUCTION

Plaintiffs Larry Coleman ("Larry"), Chester Coleman ("Chester"), and Freddie Seltzer ("Freddie") (collectively, "Plaintiffs"), three African-American brothers, brought this action against their former employer, Morris-Shea Bridge Company ("MSB"), and the President of MSB, Richard J. Shea, Jr. ("Shea") (collectively, "Defendants"). Plaintiffs brought one claim for unpaid overtime wages under the Fair Labor Standards Act of 1938, 29 U.S.C. § 201 *et seq.* ("FLSA"); race discrimination claims and hostile work environment claims under Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e *et seq.* ("Title VII") and 42 U.S.C. § 1981; and age discrimination claims under the Age Discrimination in Employment Act, 29 U.S.C. § 621 *et seq.* ("ADEA").

On November 23, 2020, the Court denied Defendants' Motion for Summary Judgment as to Larry's FLSA claim and granted Defendants' motion as to all other claims. (*See* doc. 123.) Before the Court is Plaintiffs' Motion to Reconsider the Court's Order (doc. 132). For the reasons stated below, Plaintiffs' motion is due to be denied.

## II. DISCUSSION

Plaintiffs argue that the Court improperly weighed evidence in the light most favorable to Defendants instead of in the light most favorable to Plaintiffs, as the nonmoving party. Plaintiffs also argue that the Court resolved alleged issues of disputed fact in favor of Defendants. The Court will briefly address Plaintiffs' allegations below.

First, Plaintiffs assert that the Court erred by granting summary judgment in favor of MSB on Larry's race and age discrimination claims concerning his alleged termination. Plaintiffs argue that the Court ignored Plaintiffs' evidence of pretext. However, relative to Larry's race discrimination claims, the Court found that Larry failed to establish a *prima facie* case of discrimination (*see* doc. 123 at 36–39); therefore, Plaintiffs' arguments concerning pretext are irrelevant.

Under the *McDonnell Douglas* burden-shifting framework, the aggrieved employee creates a presumption of unlawful discrimination by first establishing a

*prima facie* case of discrimination. *See Lewis v. City of Union City*, 918 F.3d 1213, 1220–21 (11th Cir. 2019) (en banc). Using this framework, "the plaintiff bears the initial burden of establishing a *prima facie* case of discrimination." *Id.* at 1220. Only after the plaintiff establishes a *prima facie* case does the burden then shift to the defendant "to articulate a legitimate, nondiscriminatory reason for its actions." *Id.* at 1221 (citing *Burdine*, 450 U.S. at 253). Then, if the employer proffers a legitimate, nondiscriminatory reason, the burden returns to the plaintiff to prove that the employer's reason is a pretext for unlawful discrimination. *Crawford v. Carroll*, 529 F.3d 961, 976 (11th Cir. 2008).

Here, the Court correctly reasoned that Larry failed to establish a *prima facie* case of race discrimination. Thus, Defendants had no burden to provide a legitimate, nondiscriminatory reason for their actions. Because the burden never shifts to Defendants, it likewise does not shift back to Plaintiffs to demonstrate pretext. Plaintiffs' allegations that the Court ignored evidence of pretext disregards the fact that Plaintiffs did not establish a *prima facie* case of discrimination. Although the Court reasoned that Plaintiffs had also failed to demonstrate pretext, the fact that Plaintiffs did not establish a *prima facie* case of discrimination is determinative.

As to Plaintiffs' allegations that the Court ignored evidence of pretext relative to Larry's age discrimination claim, that is not the case. As the Court explained in

its Opinion, Plaintiffs incorporated by reference their pretext argument for their race discrimination claims. They did not make an argument for pretext regarding their age discrimination claims. The burden of persuasion remains on Plaintiffs to demonstrate that their age was the "but-for" cause of their termination. *See Sims v. MVM, Inc.*, 704 F.3d 1327, 1332 (11th Cir. 2013) (citing *Gross v. FBL Fin. Servs., Inc.*, 557 U.S. 167, 176 (2009)). Accordingly, Plaintiffs did not meet their burden at summary judgment by incorporating by reference a pretext argument focusing on race.

The Court thoroughly considered Plaintiffs' remaining arguments regarding evidentiary and legal conclusions. The Court explained its reasoning in its Opinion, and nothing Plaintiffs argue in their motion changes the Court's conclusions. It is worth noting that Plaintiffs cite to evidentiary material in their motion that was not cited to in their initial response brief.[1] To the extent that this is the case, the Court does not consider evidentiary material presented in their Motion to Reconsider that

---

[1] For example, Plaintiffs now cite to Larry's EEOC charge to support their proposition that his declaration did not contradict his deposition testimony without explanation. (Doc. 132 at 15.) This citation was not included in Plaintiffs' brief to support their assertion that Larry was "required" to work alongside his crew (*see* doc. 112 at 6 n. 76, 15 n. 194, 58 n. 397, & 59 n. 399), nor was it included in their response to Defendants' Motion to Strike (*see* doc. 121 at 5–7). The Court is not required to identify unreferenced evidence supporting a party's position. As such, review is limited to exhibits and specific portions of the exhibits specifically cited by the parties. *See Chavez v. Sec'y, Fla. Dep't of Corr.*, 647 F.3d 1057, 1061 (11th Cir. 2011) ("[D]istrict court judges are not required to ferret out delectable facts buried in a massive record . . . ."). Thus, the Court did not consider Larry's EEOC charge when it granted in part Defendants' Motion to Strike (*see* doc. 123 at 20), and the Court does not consider it now.

was available at the time they filed their brief but was not included in their arguments or citations. Considering all of Plaintiffs' arguments, the Court reaches the same conclusions as in its Memorandum of Opinion. Accordingly, Plaintiffs' Motion to Reconsider (doc. 132) is due to be denied.

### III.  CONCLUSION

For the reasons stated above, Plaintiffs' Motion to Reconsider is hereby DENIED.

**DONE** and **ORDERED** on January 4, 2021.

_____
L. Scott Coogler
United States District Judge

202892