FILED
2021 Dec-15  PM 02:06
U.S. DISTRICT COURT
N.D. OF ALABAMA



# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ALABAMA
# SOUTHERN DIVISION

LARRY COLEMAN, *et al.*,      )
    Plaintiffs,      )
                    )
  v.      )        2:18-cv-00248-LSC
MORRIS-SHEA BRIDGE      )
COMPANY, INC., *et al.*,      )
    Defendants.      )

## MEMORANDUM OF OPINION AND ORDER

Before the Court is Plaintiffs' Opposition to Defendants' Bill of Costs. (Doc. 186.) The Bill of Costs is now ripe for review. For the reasons discussed below, the Court ORDERS an award of costs of $13,374.01.

## I.   BACKGROUND

On February 14, 2018, Plaintiffs Larry Coleman ("Larry"), Chester Coleman ("Chester"), and Freddie Seltzer ("Freddie") (collectively, "Plaintiffs"), three African American brothers, filed suit against their former employer, Morris-Shea Bridge Company and its president, Richard J. Shea, Jr. (collectively, "Defendants"). Plaintiffs asserted twenty-two claims against Defendants for race discrimination, age discrimination, and unpaid overtime wages under the Fair Labor Standards Act. (*See*

doc. 18.) Defendants filed a motion for summary judgment on all claims. (Doc. 75.) The Court granted Defendants' motion as to twenty-one of twenty-two claims. (*See* docs. 123 & 124.) The remaining claim, Larry's FLSA claim for unpaid overtime wages, was presented before a jury, which found in favor of Defendants. (*See* doc. 156.) The testimony of Plaintiffs at trial regarding Larry Coleman's status as a superintendent was in direct conflict with earlier sworn statements. This effort to make a mockery of the judicial system resulted in this Court applying judicial estoppel to Larry and Chester Coleman's claims. The Court taxed costs to Plaintiffs. On October 4, 2021, Defendants filed their Bill of Costs. (Doc. 184.) Plaintiffs then objected to the Defendant's Bill of Costs. (Doc. 186.)

## I.    STANDARD OF REVIEW

Rule 54(d) of the Federal Rules of Civil Procedure provides that "[u]nless a federal statute, these rules, or a court order provides otherwise, costs—other than attorney's fees—should be allowed to the prevailing party." Fed. R. Civ. P. 54(d)(1). "Under Rule 54(d), there is a strong presumption that the prevailing party will be awarded costs." *Mathews v. Crosby*, 480 F.3d 1265, 1276 (11th Cir. 2007). Congress has enacted 28 U.S.C. § 1920 ("§ 1920"), which defines the term "costs" in Rule 54(d). *Taniguchi v. Kan Pac. Saipan, Ltd.*, 566 U.S. 560, 565, 132 S. Ct. 1997, 182 L. Ed. 2d 903 (2012).

Section 1920 "now embodies Congress' considered choice as to the kinds of expenses that a federal court may tax as costs against the losing party." *Crawford Fitting Co. v. J.T. Gibbons, Inc.*, 482 U.S. 437, 440, 107 S. Ct. 2494, 96 L. Ed. 2d 385 (1987). It states:

> A judge or clerk of any court of the United States may tax as costs the following: (1) Fees of the clerk and marshal; (2) Fees for printed or electronically recorded transcripts necessarily obtained for use in the case; (3) Fees and disbursements for printing and witnesses; (4) Fees for exemplification and the costs of making copies of any materials where the copies are necessarily obtained for use in the case; (5) Docket fees under section 1923 of this title; (6) Compensation of court appointed experts, compensation of interpreters, and salaries, fees, expenses, and costs of special interpretation services under section 1828 of this title.

28 U.S.C. § 1920. Although the Court has discretion to determine the appropriate award of costs, it abuses that discretion if it awards costs in excess of the costs allowed by § 1920. *Maris Distributing Co. v. Anheuser—Busch, Inc.*, 302 F.3d 1207, 1225 (11th Cir. 2002).

## II.    DISCUSSION

Defendants' Bill of Costs requested $17,609.91 for deposition transcripts and videos of depositions, $482.00 for disability records of Plaintiffs and $80.00 in witness appearance fees for a total of $18,171.91. Plaintiff objected to the following costs: (1) $3,041.10 for the depositions of witnesses which were not used in support of summary judgment or at trial; (2) $4,797.90 for duplicative video deposition costs;

(3) $482.00 for Plaintiffs' subpoenaed unemployment records. The Court examines each objection in turn.

## A. Deposition Costs

Plaintiffs object to paying costs for the deposition of witnesses not used during trial—Donnie Ryland, Sean Watson, Gary Watson, Keith Pate, Shane Moore, Danny Caudle, Christopher R. Hughes. Whether the costs for a deposition are taxable to the losing party depends on the factual question of whether the deposition was wholly or partially "necessarily obtained for use in the case.'" *EEOC v. W & O, Inc.*, 213 F.3d 600, 621 (11th Cir. 2000). "[W]here the deposition costs were merely incurred for convenience, to aid in thorough preparation, or for purposes of investigation only, the costs are not recoverable." 28 U.S.C.A. § 1920(2). Plaintiffs argue that not all depositions were necessarily obtained for use in this case because some depositions were not cited in support of summary judgment or were not used at trial. Plaintiff is incorrect in assuming "necessarily obtained for use in the case" requires the depositions to actually be used for summary judgment or trial. Instead, the determination of necessity is made from the perspective of the litigant at the time of incurring the expense, not from hindsight after trial. *Hudson v. Nabisco Brands, Inc.*, 758 F.2d 1237, 1243 (7th Cir. 1985).

Additionally, costs for depositions taken by an opponent are generally recoverable. *Fulton Fed. Sav. & Loan A'ssn of Atlanta v. American Ins. Co.*, 143 F.R.D. 292, 296 (N.D. Ga. 1991). Here, only four depositions were initiated by Defendants, and none of those are at issue. Given that Plaintiff initiated the remaining depositions, the costs are recoverable. *Fulton Fed. Sav. & Loan A'ssn of*, 143 F.R.D. at 296. Further, because Plaintiff initiated all other depositions, Plaintiff presumably expected the depositions to be used for trial preparation, rather than merely for discovery. Therefore, because all the depositions of which Plaintiffs complain were initiated by Plaintiffs, and because there is no evidence that any of the depositions were taken merely for convenience or purely for discovery, the Court awards the full requested amount of $3,041.10.

## B. Duplicative Video Deposition Costs

Plaintiffs object to paying costs for both transcripts and videotapes of the deposition of multiple witnesses, claiming that since Defendants have not provided an explanation as to why it was necessary to obtain both a videotaped and transcribed copy of the depositions, those costs should not be taxable. The Eleventh Circuit has previously held that "[w]hen a party notices a deposition to be recorded by nonstenographic means, or by both stenographic and nonstenographic means, and no objection is raised at that time by the other party to the method of recordation

pursuant to Federal Rule of Civil Procedure 26(c), it is appropriate under § 1920 to award the cost of conducting the deposition in the manner noticed." *Morrison v. Reichhold Chems.*, Inc., 97 F.3d 460, 465 (11th Cir. 1996). *Morrison*, however, was issued prior to the amendment of Section 1920 to reflect that "[f]ees for printed *or* electronically recorded transcripts" are recoverable. *See* 28 U.S.C. § 1920(2) (emphasis added). Now, when "reimbursement for both methods of recording is sought, the prevailing party bears the burden of proving that both methods were necessary." *Utopia Provider Systems, Inc. v. Pro–Med Clinical Systems, L.L.C.*, 2009 WL 1210998, *3 (S.D. Fla. May 1, 2009).

Plaintiffs argue that the cost of obtaining copies of the videotaped depositions should be excluded. First, this Court agrees that Defendants have shown the printed copies were necessarily obtained, given their use for evidentiary support in dispositive motions. However, Defendants have failed to demonstrate why also obtaining copies of the video depositions were necessary for use in the case. As Defendants have not met their burden, the award of costs is reduced by $4,797.90.

## C. Subpoenaed Unemployment Records

Defendants requested $482.00 for subpoenaed unemployment records for Plaintiffs Larry, Chester, and Freddie. Plaintiffs object to this fee arguing that Defendants did not demonstrate these employment records were necessarily

obtained for use in the case. This argument is without merit. Again, the standard to recover costs for copies of papers is whether the copies were "necessarily obtained for use in the case." *W&O, Inc.*, 213 F.3d at 623. Here, the unemployment records were used both at the summary judgment phase and in the FLSA trial to impeach Plaintiff Larry Coleman. (Doc. 75 at 21.) The records were also used in this Court's application of judicial estoppel to Plaintiffs' claims. (Doc. 182 at 2.) Therefore, the costs were clearly necessarily obtained for use in the case and the Court awards the full requested amount of $482.00.

## III.   CONCLUSION

For the reasons stated above, the Court awards costs as follows: (1) the fee for deposition costs remains at $3,041.10; (2) the fee for duplicative video depositions is reduced from $4,797.90 to $0; and (3) the fee for subpoenas of employment records remains at $482.00. These costs are added to the $9,850.91 to which Plaintiffs did not object, for a total of $13,374.01. The Court ORDERS the award of costs in this amount.

**DONE** and **ORDERED** on December 15, 2021.

L. Scott Coogler
United States District Judge

206770